**Leonard C. ARNOLD, Plaintiff,**

v.

**Robert Q. HOYT, Defendant.**

**No. 82 C 6400.**

United States District Court,
N.D. Illinois, E.D.

March 7, 1983.

Alvin I. Weinstein, Arlington Heights, Ill., Joseph L. Stone, Roger L. Price, Mitchell Bryan, Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert, Chicago, Ill., for plaintiff.

Lawrence E. Morrissey and Lawrence E. Morrissey, Ltd., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Before the Court is Defendant Robert Q. Hoyt's Motion to Vacate and Set Aside the Default Judgment entered by this Court on December 2, 1982. Defendant also requests that the Court quash the purported service in the case and dismiss the matter for lack of personal jurisdiction. For the reasons stated herein, the motions to vacate and to quash service and dismiss are hereby granted.

On October 20, 1982, the plaintiff filed the instant diversity action with this Court alleging that defendant had breached certain obligations contained in a written agreement. On that date, the United States Marshal sent the summons to the defendant by certified mail. On October 27, 1982, the summons was received at defendant's last known place of abode, 5400 North Via Celeste, Tucson, Arizona, by Bonnie Hartman, an adult full-time domestic, who signed the return receipt. After

defendant failed to appear at the time requested, the Court, on December 2, 1982, entered a default judgment pursuant to plaintiff's motion. The default judgment requires defendant to pay plaintiff the sum of $30,456.00 and to perform his obligations under the written agreement. Defendant now challenges the validity of the default judgment.

The essence of defendant's argument is that service was proper in all respects except insofar as the summons was delivered to and received at a place which was no longer his place of abode. Defendant notes that under Fed.R.Civ.P. 4(i)(D), which it claims is the applicable rule, evidence of delivery to the addressee must be sufficient to satisfy the Court. Defendant argues that no such evidence was present in the instant case.

Plaintiff, on the other hand, argues that under Fed.R.Civ.P. 4(d)1, service was proper as that statute merely requires that the summons be left with an individual of suitable age and discretion at the dwelling house or usual place of abode of the individual named in the summons. Plaintiff appears to assume that such service may take place through registered mail and argues that the home to which the summons was delivered was the usual place of abode of the defendant.

Neither of the parties' arguments accurately reflects the law of the Northern District of Illinois. Defendant's argument is based on a subpart of Fed.R.Civ.P. 4 relating to service in a foreign country and hence inapplicable in the instant case. On the other hand, plaintiff's argument assumes that the certified letter is a suitable alternative to personal, hand-delivered service of summons. Such an argument is equally in error.

In serving its summons via certified mail, plaintiff apparently relied upon N.D.Ill.Civil Rule 7.[1] Rule 7 provides that:

(a) [T]he Marshal may serve a summons or other civil process by certified or registered mail upon all persons within the

purview of Rule 4(d)1 and 3 of the Federal Rules of Civil Procedure *provided that delivery is restricted to the addressee.*

While the Rule allows service to be made by registered mail, no person other than the addressee may take delivery of the summons. Hence, service in the instant case was invalid by virtue of the fact that an individual other than the addressee took delivery of and signed for the summons.

The plaintiff seeks to uphold the default judgment entered by the Court on December 2. This the Court cannot do. Aside from the defect in service noted above, it is also noted that Rule 7 specifically provides that service by certified mail "shall not be the basis for the entry of a default or a judgment of default unless the person so served has appeared either in person or by counsel." N.D.Ill.Civil Rule 7(a). As no appearance had been made prior to the entry of the default, judgment entered by the Court must, in light of the circumstances of service, be vacated pursuant to Fed.R.Civ.P. 60(b)(4) which requires relief from judgment where the judgment is void.

Given that service herein was invalid, the Court need not determine whether the address to which the summons was sent was the defendant's dwelling. Further, it need not be determined whether the Court could have personal jurisdiction over defendant. Finally, the Court need not consider the merits of the case or whether defendant's defense is meritorious. At this juncture, the Court need only order that the default judgment entered December 2, 1982 be vacated and that the purported service of October 20, 1982 be quashed.

IT IS SO ORDERED.

---

1. N.D.Ill.Civil Rule 7 has been incorporated into the Federal Rules of Civil Procedure as

Rule 4(d)(8) and will become effective February 26, 1983. *See* Pub.L. 97–462, January 12, 1983.